UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KENNETH R. SHEPHERD, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   CAUSE NO. 3:00-CV-355RM |
| | ) |
| CREIGHTON BROS. LLC, | ) |
| CREIGHTON BROS. LP, and | ) |
| RAYMOND TRUEX, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

Kenneth Shepherd filed a notice asking the court to refer attorney Michael Miner's conduct in this case (his firm's drafting and his personal filing of allegedly perjured affidavits) to counsel for investigation and prosecution in a formal disciplinary proceeding pursuant to Local Rule of Disciplinary Enforcement V(a). Mr. Miner successfully defended Raymond Truex in this case against Mr. Shepherd's allegations that Mr. Truex pointed a gun at him on August 4, 1999. In a related case, Cause No. 3:03cv475RM, the court set forth the following pertinent facts (construed most favorably to Mr. Shepherd) from the summary judgment record:

> Misdemeanor criminal charges were brought against Mr. Truex in Kosciusko County for the gun-pointing incident. Attorney Michael Miner of the law firm Valentine & Miner represented Mr. Truex in his criminal case. At a change of plea hearing on March 3, 2000 Mr. Truex admitted to pointing a firearm at another person on August 4, 1999 at the approximate location of County Road 650 W and Crystal Lake Road. The court asked Mr. Truex "On that date [August 4,

1999], did you knowingly or intentionally point a firearm at another person?"

"Yes, Your Honor," Mr. Truex replied. The court asked if Mr. Miner had anything to say, and Mr. Miner said, "I would just ask the Court to abide by the plea agreement that we have filed with the Court."

On June 6, 2000 Mr. Shepherd filed suit in this court—Cause No. 3:00CV355RM—against his former employer, Creighton Brothers, LLC, for violating two federal employment discrimination statutes, and against Mr. Truex for assaulting him under Indiana tort law. The assault claim was based on the August 4, 1999 firearm incident. This court granted summary judgment for Creighton Brothers on Mr. Shepherd's federal employment claims, and dismissed his state law claim without prejudice in an order entered July 2, 2001. Mr. Shepherd then refiled his assault claim against Mr. Truex in Kosciusko Superior Court and that court granted summary judgment for Mr. Truex on October 19, 2001.

Mr. Miner represented Mr. Truex in both the federal and state civil assault suits. In both civil cases (which both commenced after Mr. Truex pleaded guilty to pointing a firearm), Mr. Miner submitted an affidavit from Mr. Truex stating that he "did not point [his] gun at Terry McGlennen or any other person on August 4, 1999." Mr. Miner also submitted affidavits in both civil cases from three other witnesses: [Kenneth] Wolf ("While Raymond Truex and Terry McGlennen were talking, I saw Mr. Truex pull out what looked like a gun, but I was too far away to be sure that it was a gun. . . . Raymond Truex did not point the object that I saw directly at any person"); [Steve] Heller ("Raymond Truex did not point the gun directly at Terry McGlennan [sic] or anyone else during this incident"); and Mr. McGlennen ("At the time of the occurrence I was not sure if the object Raymond Truex showed me was a gun. . . . At no time during the above incident did Raymond Truex point the object directly at myself or any other person").

In July 2000, a month after Mr. Shepherd filed his initial federal action against Creighton Brothers and Mr. Truex, and four months after Mr. Truex pleaded guilty in the state court criminal proceedings, Alan Rovenstine conducted an investigation of the August 4, 1999 gun-pointing incident at the request of Mr. Miner and Mr. Truex. At his deposition, Mr. Miner said either he or his co-

2

> counsel for Mr. Truex in the federal civil suit, Bill Falley, asked Mr. Rovenstine to conduct the investigation.
>
> . . .
>
> To the best of Mr. Rovenstine's knowledge, the Valentine & Miner law firm used his report to draft the affidavits that Mr. Miner filed in support of Mr. Truex's summary judgment motions in federal and state court. Mr. Miner doesn't deny that his law firm prepared the affidavits, but he says he didn't personally prepare them. There is no dispute, though, that Mr. Miner filed the affidavits in the federal and state civil suits. This court dismissed Mr. Shepherd's assault claim without prejudice, so it never reached the merits of the claim and didn't rely on the allegedly false affidavits. The state court, however, granted summary judgment on the assault claim based on a record that included the Truex, Heller, Wolf, and McGlennen affidavits.

Opinion and Order, 4-6, 8 [Docket No. 155 in Cause No. 3:03-CV-475 RM].

Mr. Miner has indicated, through counsel, that other facts and considerations may be applicable. Mr. Shepherd suggests that, depending on how the facts are viewed, Mr. Miner stood with his client, Mr. Truex, as Mr. Truex pleaded guilty to the charge of pointing a firearm at another person on August 4, 1999, and that Mr. Miner then filed an affidavit with this court in which Mr. Truex stated quite the opposite, that he "did not point [his] gun at Terry McGlennen or any other person on August 4, 1999."

If Mr. Shepherd's allegations are true—a matter the court does not resolve today—Mr. Miner's conduct also would violate the standards of conduct for attorneys practicing in this court. Local Rule 83.5(f) applies The Rules of Professional Conduct adopted by the Indiana Supreme Court and the Standards for Professional Conduct adopted by the Seventh Circuit to attorneys practicing

3

in this court. Mr. Miner's alleged conduct as described above would, if true, appear to violate Indiana Rules of Professional Conduct 3.3 (Candor Toward the Tribunal), 3.4 (Fairness to Opposing Party and Counsel), and 4.1 (Truthfulness in Statements to Others), and the following portions of the Seventh Circuit Standards for Professional Conduct: Lawyer's Duties to Other Counsel ¶ 3 (prohibiting lawyers from knowingly encouraging or authorizing another person to engage in improper conduct), and Lawyers' Duties to the Court ¶ 5 (barring knowing misrepresentations of fact).

> Rule V of this court's Local Rules of Disciplinary Enforcement provides:
>
> (a) When misconduct or allegations of misconduct which, if substantiated, would warrant discipline on the part of an attorney admitted to practice before this court, whether by complaint or otherwise, and the applicable procedure is not otherwise mandated by these Rules, the judge shall refer the matter to counsel for investigation and the prosecution of a formal disciplinary proceeding or the formulation of such other recommendation as may be appropriate.

If substantiated, the allegations against Mr. Miner would warrant discipline against him. Accordingly, as Rule V(a) commands, the court now REFERS this matter to Donald R. Lundberg, Executive Secretary, Indiana Supreme Court Disciplinary Commission, 115 West Washington Street, Suite 1060, Indianapolis, IN 46204.

> SO ORDERED.
>
> ENTERED:   March 1, 2006

4

          /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: K. Shepherd
    M. Miner